**Affirmed and Memorandum Opinion filed February 11, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00973-CV

**BEATRICE FOOTS, Appellant**

**V.**

**JIMMIE ANDREPOINT, Appellee**

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1060830**

## M E M O R A N D U M   O P I N I O N

In this breach-of-contract case, appellant Beatrice Foots challenges the judgment rendered on the jury's verdict in favor of Jimmie Andrepoint. We conclude that Andrepoint has standing to pursue his claims and that the evidence is legally sufficient to support the jury's liability finding. Foots's remaining issues were either unpreserved in the trial court or rely on material outside the record that we may not consider. We accordingly affirm the trial court's judgment.

# I. BACKGROUND

Jimmie Andrepoint sued Beatrice Foots in justice court for breach of contract, alleging that she failed to repay a series of loans. A jury found in favor of Andrepoint, and Foots appealed via trial de novo to the county court at law.

In the county court at law, Andrepoint moved for no-evidence summary judgment, arguing there was no evidence supporting Foots's affirmative defenses or disproving the elements of his breach-of-contract claims. The trial court granted the motion, but we reversed and remanded, pointing out that Andrepoint bore the burden to prove his claim, rather than Foots bearing the burden to disprove it. *Foots v. Andrepoint*, No. 14-16-00435-CV, 2017 WL 124439, at *1 (Tex. App.—Houston [14th Dist.] Jan. 12, 2017, no pet.) (mem. op.).

On remand, Andrepoint presented evidence at trial that he and Foots entered into a series of fourteen oral contracts for Andrepoint to loan Foots money, which she was repay in August 2011. Because three of those loans were made after August 2011, the trial court granted Foots's motion for directed verdict that there was no agreed maturity date as to those loans.

As to the remaining eleven loans, the jury found that Foots had breached her contracts with Andrepoint and assessed damages of $8,318.35 and attorney's fees of $3,614.00. The trial court rendered judgment on the verdict.

On appeal, Foots presents four issues in which she argues that (1) Andrepoint lacks standing to sue for breach of one of the loan agreements; (2) the contracts are unenforceable because the maturity date and repayment terms were indefinite, and because there was no evidence of mutual assent to the contracts' terms; (3) the trial court erred in denying Foots's motion for directed verdict based on the alleged

indefiniteness of the contracts' terms; and (4) there is legally insufficient evidence of the occurrence of a condition precedent to Foots's duty to repay the loans.

## II. STANDING

In her first issue, Foots challenges Andrepoint's standing to sue Foots for breach of one of the alleged loan agreements. She points out that one of the loans Andrepoint allegedly made to her was via a check from the account of "Direct Management Services." The check bears the notation "personal loan" and was admitted at trial without objection. Andrepoint testified, without contradiction, that "Direct Management Services" was the name of a business he owns.

Foots asserts for the first time on appeal that "Direct Management Services" is a limited liability company and that Andrepoint lacks standing to assert claims belonging to the company. In support of this argument, Foots relies solely on a document attached to her brief purporting to identify the company as a limited liability company.

With limited exceptions inapplicable here, "we cannot consider documents attached to a brief that are not part of the appellate record." *Johnson v. Nat'l Oilwell Varco, LP*, 574 S.W.3d 1, 20 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Because the appellate record does not support Foots's assertion that "Direct Management Services" is anything other than a sole proprietorship in which Andrepoint does business under an assumed name, we do not consider Foots's arguments that characterize the business as a limited liability company.

We overrule Foots's first issue.

## III. ENFORCEABILITY OF THE CONTRACTS

In her second and third issues, Foots contends that the evidence is legally and factually insufficient to support the jury's breach-of-contract finding. Because her

factual-insufficiency complaint has not been preserved for review,[1] we consider only her legal-sufficiency complaint.

A complaint that the evidence is legally insufficient to support a jury's finding must be preserved through (a) a motion for directed verdict, (b) a motion for judgment notwithstanding the verdict, (c) an objection to the submission of the issue to the jury, (d) a motion to disregard the jury's answer to a vital fact issue, or (e) a motion for new trial. *See Daniels v. Empty Eye, Inc.*, 368 S.W.3d 743, 748–49 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). We determine if legally sufficient evidence supports a finding by "view[ing] the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). Evidence of a vital fact's existence is legally insufficient if (a) no evidence in the record supports it, (b) rules of law or of evidence bar the court from giving weight to the only evidence offered to prove it, (c) there is no more than a scintilla of supporting evidence, or (d) the evidence conclusively establishes the converse. *See id*. at 810.

According to Foots, the alleged oral contracts are indefinite as to maturity date and repayment terms, rendering them unenforceable. "To be enforceable, a contract must address all of its essential and material terms with 'a reasonable degree of certainty and definiteness.'" *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 237 (Tex. 2016) (quoting *Pace Corp. v. Jackson*, 155 Tex. 179, 284 S.W.2d 340, 345 (1955)). A contract's "essential and material terms" are those that the parties would reasonably regard as vitally important parts of their bargain, and this determination

---

[1] Foots did not file a motion for a new trial, which is the only way to preserve a complaint that a jury finding rests on factually insufficient evidence. *See* TEX. R. CIV. P. 324(b)(2); *Daniels v. Empty Eye, Inc.*, 368 S.W.3d 743, 749 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

is made on a case-by-case basis. *Id.* A contract is sufficiently definite if a court can determine the material legal obligations of the parties. *Abatement Inc. v. Williams*, 324 S.W.3d 858, 861 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). In a loan contract, the material terms generally are the amount to be loaned, the maturity date of the loan, the interest rate, and the repayment terms. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992).

Foots argued in her motion for directed verdict that there was "no definite time" at which the loans would mature. Although Andrepoint testified that the loans were to be repaid in August 2011, three of the loans allegedly were made in 2012. Because there was no evidence of the maturity date of those three loans, the trial court granted the motion as to the loans allegedly made in 2012.

On appeal, Foots admits that Andrepoint testified that the remaining loans were due to be repaid in August 2011, but she contends that Andrepoint at times has alleged a different maturity date. However, the materials on which she relies—none of which identifies the loans' maturity date—were not offered as evidence at trial and are not part of the record. We therefore do not consider it.

Foots additionally argues on appeal that there is legally insufficient evidence of mutual assent to the loan agreement; however, Foots failed to preserve this complaint in the trial court by any of the means mentioned above.

We instead conclude that Andrepoint's testimony that the loans were due in August 2011 is sufficient to support the jury's liability finding. Although Foots testified that there were no loan agreements, the jury reasonably could resolve the conflicting evidence by crediting Andrepoint's testimony. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) ("[T]he jury is the sole judge of the credibility of witnesses and the weight to be given to their testimony.").

5

Thus, we overrule Foots's second and third issues.

## IV. ALLEGED FAILURE OF CONDITION PRECEDENT

In her last issue, Foots avers that Andrepoint's testimony was legally insufficient to prove the occurrence of a condition precedent to Foots's obligation to repay the loans. According to Foots, Andrepoint admitted that repayment was "contingent on Foots receiving a settlement check from her presumed dispute with an insurance company."

But, Foots failed to raise this complaint in the trial court, and a legal-insufficiency complaint must be preserved by one of the five methods previously mentioned. If it is her position that the existence and failure of a condition precedent were established as a matter of law, then she could have raised the issue in her motion for directed verdict or a post-verdict motion. If she instead believed that the evidence raised a fact question on these matters, then she bore the burden to obtain a jury finding on the issue. However, if Andrepoint pleaded that all conditions precedent had been performed or had occurred, then he was not required to prove them because Foots did not deny any such allegations in her answer.[2] *See* TEX. R. CIV. P. 54.

In sum, Foots failed to preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a). We accordingly overrule her fourth issue.

---

[2] Foots's answer is in the record, but Andrepoint's petition is not.

## V. CONCLUSION

Having overruled each of the issues presented, we affirm the trial court's judgment.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Poissant.